UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Feldmann Imports Inc., | Case No. 20-cv-0750 (WMW/KMM) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Mercedes-Benz USA, LLC, | |
| Defendant. | |

This matter is before the Court on a motion for judgment on the pleadings filed by Defendant Mercedes-Benz USA, LLC (MBUSA). (Dkt. 16.) MBUSA seeks judgment in its favor as to each of the five claims alleged in the complaint. Plaintiff Feldmann Imports Inc. (Feldmann) opposes the motion. For the reasons addressed below, MBUSA's motion is granted and this case is dismissed.

## BACKGROUND

Feldmann is a Minnesota corporation that operates a franchised motor vehicle dealership in Bloomington, Minnesota, where it sells and services Mercedes-Benz vehicles. MBUSA is a Delaware limited liability company that manufactures and sells motor vehicles to dealers, including Feldmann. Feldmann became a franchised dealer of MBUSA's vehicles in or about 1982, when the parties executed a Mercedes-Benz Passenger Car Dealer Agreement and a Mercedes-Benz Light Truck Dealer Agreement (collectively, the Franchise Agreements). The Franchise Agreements have been reissued

multiple times since 1982.[1] As relevant here, the Franchise Agreements require Feldmann to perform warranty repairs on qualified vehicles at the vehicle owner's request without charge to the owner. The Franchise Agreements also provide that "MBUSA agrees to compensate [Feldmann] for all warranty repairs . . . at rates to be established from time to time by MBUSA."

In May 2018, the Minnesota Legislature enacted Minnesota Statutes Section 80E.041, which had an effective date of August 1, 2018. *See* Minn. Stat. § 80E.041. Among other provisions, Section 80E.041 provides a method by which a motor vehicle dealer may establish a "retail rate" to be applied to the cost of warranty parts, subject to the approval of the vehicle manufacturer. *Id.*, subdiv. 2(a), (b). If a manufacturer disapproves a dealer's retail rate and the dealer does not agree to the manufacturer's proposed adjustment of the retail rate, the "dealer must file a civil suit . . . within 60 days of receiving the manufacturer's proposed adjustment to the retail rate." *Id.*, subdiv. 2(c).

In a letter dated October 28, 2019, Feldmann sent to MBUSA a "request for additional reimbursement on parts used in connection with warranty repairs," pursuant to Section 80E.041. In that letter, Feldmann requests reimbursement at a new "retail rate" of 94 percent "beginning thirty (30) days from the date of this letter." In a November 19, 2019 letter to Feldmann, MBUSA acknowledges receipt of Feldmann's retail rate request

---

[1] Feldmann submitted to the Court copies of what Feldmann represents to be the "current" versions of the Franchise Agreements. Contrary to Feldmann's representation, these documents provide that they are effective from January 1, 2012 "until December 31, 2016." Nonetheless, because these are the only copies of the Franchise Agreements in the record, and neither party disputes the authenticity or material contents of these copies as relevant to the pending motion, the Court relies on these documents for the purpose of resolving the pending motion.

and provides that Feldmann's "calculation does not conform to the state statute as parts specifically excluded by the statute were included (e.g. fuses, non-OEM parts, broken components, etc.)." MBUSA's letter further provides that MBUSA "developed a program with respect to the reimbursement for parts utilized in authorized warranty repairs for all of our authorized dealers" and that this "program provides all Mercedes-Benz dealers, including those in Minnesota, with reasonable compensation for such parts in compliance with applicable laws." MBUSA's letter concludes that "all eligible warranty claims from [Feldmann] have been paid in accordance with the program guidelines."

Feldmann commenced this action against MBUSA on March 18, 2020. Feldmann's complaint advances five claims. Feldmann's first claim seeks a declaratory judgment that Minn. Stat. § 80E.041 does not violate the Contract Clause of the United States Constitution and that MBUSA must comply with Minn. Stat. § 80E.041. Feldmann's second claim alleges that MBUSA is liable for violating the Automobile Dealer Day in Court Act (ADDCA), 15 U.S.C. §§ 1221 *et seq.* Feldmann's third claim alleges that MBUSA is liable for failing to "act in good faith," in violation of Minn. Stat. §§ 80E.01–80E.17. Feldmann's fourth claim alleges that MBUSA violated Minn. Stat. § 80E.041 when MBUSA purported to disapprove Feldmann's "retail rate." Feldmann's fifth claim alleges that MBUSA breached the implied covenant of good faith and fair dealing under Minnesota common law. MBUSA seeks judgment on the pleadings in its favor as to each of Feldmann's five claims.

## ANALYSIS

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The same legal standard used to evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., applies to a motion for judgment on the pleadings, *see Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although matters outside the pleadings generally may not be considered when deciding a motion to dismiss, a district court may consider documents necessarily embraced by the pleadings. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). Documents are necessarily embraced by the pleadings when a complaint alleges the contents of the documents and no party questions their authenticity. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). Notably, the contract on which a breach-of-contract claim rests ordinarily is embraced by the pleadings. *See Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014). The Franchise Agreements at issue here are embraced by Feldmann's complaint, and there is no dispute

4

as to the authenticity of the copies of the Franchise Agreements subsequently filed by Feldmann. Similarly, Feldmann's October 28, 2019 letter requesting a "retail rate" reimbursement and MBUSA's November 19, 2019 letter responding to that request are embraced by Feldmann's complaint and attached to MBUSA's answer. And neither party challenges the authenticity of these documents. As such, the Court may consider these documents when deciding MBUSA's motion for judgment on the pleadings.

The Court addresses each of Feldmann's five claims, beginning with the Section 80E.041 statutory claim, as that claim underlies Feldmann's other four claims.

### I. Feldmann's Minnesota Statutes Section 80E.041 Claim

Feldmann's complaint alleges that MBUSA violated Minn. Stat. § 80E.041 when MBUSA purported to disapprove Feldmann's requested "retail rate" for additional reimbursement on parts used in connection with warranty repairs. MBUSA argues that this claim is untimely.

If a manufacturer disapproves a dealer's retail rate and the dealer does not agree to the manufacturer's proposed adjustment of the retail rate, the "dealer must file a civil suit . . . within 60 days of receiving the manufacturer's proposed adjustment to the retail rate." Minn. Stat. § 80E.041, subdiv. 2(c). It is undisputed that MBUSA responded to Feldmann's "retail rate" request on November 19, 2019. According to MBUSA, Feldmann was required to file a Section 80E.041 claim within 60 days after November 19, 2019. It is undisputed that Feldmann did not do so, as Feldmann commenced this lawsuit on March 18, 2020.

Feldmann contends that the 60-day statutory timeframe in which Feldmann was required to file its Section 80E.041 claim did not commence on November 19, 2019, because MBUSA's letter lacked "reasonable substantiation" to support MBUSA's disapproval. According to Feldmann, providing "reasonable substantiation" is a "condition precedent to a Dealer's ability to file an action" under Minn. Stat. § 80E.041, subdiv. 2(c). But Feldmann's argument is not supported by the statutory language.[2] Instead, the statute requires Feldmann to file a claim "within 60 days of receiving the manufacturer's proposed adjustment to the retail rate." Minn. Stat. § 80E.041, subdiv. 2(c). Therefore, to determine whether Feldmann's claim is untimely, the Court must determine whether and, if so, when, Feldmann received from MBUSA a "proposed adjustment to the retail rate."

In its complaint, Feldmann alleges that MBUSA's disapproval did not include a proposed adjustment to Feldmann's requested "retail rate." To the extent that Feldmann's allegation reflects a legal conclusion that MBUSA failed to comply with the statutory requirement to provide a proposed adjustment to the retail rate, the Court may disregard legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678. Moreover, when evaluating a motion to dismiss, if "a written instrument contradicts allegations in the complaint . . . the exhibit trumps the allegations." *Elkharwily v. Mayo Holding Co.*, 955 F. Supp. 2d 988, 996 (D. Minn. 2013) (internal quotation marks

---

[2] Moreover, Feldmann's argument is logically inconsistent. According to Feldmann, MBUSA has yet to provide "reasonable substantiation" of its disapproval. If "reasonable substantiation" were a condition precedent to Feldmann bringing suit (which it is not, for the reasons addressed herein), then Feldmann's Section 80E.041 claim would be premature.

6

omitted), *aff'd*, 823 F.3d 462 (8th Cir. 2016).  As such, a review of MBUSA's November 19, 2019 letter is warranted.

Although MBUSA's letter clearly rejects the retail rate that Feldmann calculated, the letter does not *expressly* include an alternative reimbursement rate for warranty parts. But Section 80E.041 requires a "proposed adjustment to the retail rate," not necessarily an express reference to a precise rate.  MBUSA's letter proposes an alternative rate by reference to the "program" MBUSA previously developed for warranty reimbursements that, according to MBUSA, "provides all Mercedes-Benz dealers, including those in Minnesota, with reasonable compensation for such parts."  Feldmann advances no argument as to why MBUSA's reference to its previously established reimbursement program is not a proposed adjustment to the retail rate.  To the contrary, MBUSA's letter appears clearly to propose a downward adjustment from Feldmann's proposed retail rate to the rate imposed by MBUSA's previously developed reimbursement program.

For these reasons, Section 80E.041 required Feldmann to file a civil lawsuit challenging MBUSA's actions "within 60 days" after receiving MBUSA's November 19, 2019 letter.  Because Feldmann undisputedly did not do so, Feldmann's Section 80E.041 claim is untimely and must be dismissed with prejudice.[3]

---

[3]   Feldmann attempts to avoid this result by arguing that this result would have required Feldmann to "file an action without any of the facts and other statutory requirements mandated by the Minnesota Legislature."  But this argument is untethered to the governing statute or any other legal authority.  Moreover, although Feldmann suggests that it lacked sufficient facts to file its lawsuit within 60 days after November 19, 2019, Feldmann does not explain what those missing facts are, why those facts were necessary to file this lawsuit, or how those facts subsequently became available to Feldmann when it filed this lawsuit in March 2020.

## II.      Feldmann's Statutory Good-Faith Claim

Feldmann's complaint also alleges that MBUSA is liable for failing to "act in good faith," a violation of Minn. Stat. §§ 80E.01–80E.17.  MBUSA counters that the statutes on which Feldmann relies for its statutory good-faith claim do not impose a good-faith requirement with respect to MBUSA's warranty obligations.  Feldmann correctly concedes that a good-faith requirement does not expressly appear in Minn. Stat. § 80E.041.  Instead, Feldmann contends, a good-faith requirement "must be implicitly found to be required under Minn. Stat. § 80E.041."  Feldmann advances two arguments in support of this position.  Neither argument is legally sound.

Feldmann first relies on Minn. Stat. § 645.17, which provides in relevant part that when "ascertaining the intention of the legislature the courts may be guided by the following presumptions: (1) the legislature does not intend a result that is absurd, impossible of execution, or unreasonable."  But Feldmann's argument ignores the principle that courts consult such canons of construction to determine legislative intent *only* when a statute is ambiguous.  *See, e.g.*, *Mo. Prot. & Advoc. Servs. v. Mo. Dep't of Mental Health*, 447 F.3d 1021, 1024 (8th Cir. 2006) (declining to use "interpretive devices" to ascertain legislative intent as to an unambiguous statute); *In re Welfare of J.B.*, 782 N.W.2d 535, 539–40 (Minn. 2010) ("If a statute is ambiguous, we apply canons of construction to discern the Legislature's intent." (citing Minn. Stat. § 645.17)).  In contrast, when a statute is *unambiguous*, courts interpret the text of the statute according to its plain language.  *Mo. Prot. & Advoc. Servs.*, 447 F.3d at 1024; *In re Welfare of J.B.*, 782 N.W.2d at 539.

8

Feldmann does not allege or argue that Minn. Stat. § 80E.041 is ambiguous as to whether it includes a statutory good-faith requirement. Indeed, it is undisputed that "good faith" appears nowhere in the relevant statutory text. "Silence in a statute regarding a particular topic does not render the statute unclear or ambiguous unless the statute is susceptible of more than one reasonable interpretation," and "[a]mbiguity through statutory silence is rare." *STRIB IV, LLC v. County of Hennepin*, 886 N.W.2d 821, 825 (Minn. 2016) (internal quotation marks omitted). In contrast to other sections of Chapter 80E that include good-faith requirements, the warranty obligations at issue in this case unambiguously do not include a good-faith requirement. *Compare* Minn. Stat. § 80E.041 *with* Minn. Stat. §§ 80E.06, 80E.12, 80E.14. As such, Feldmann's reliance on canons of construction to ascertain legislative intent does not provide a basis for the Court to find that a good-faith requirement exists "implicitly" in Minn. Stat. § 80E.041.

Feldmann also relies on the Franchise Agreements because those agreements "expressly require [MBUSA] to act in Good Faith." But Feldmann provides no legal authority—and the Court is aware of none—under which it is appropriate to "implicitly" find the existence of a statutory requirement based on a contract between private parties. A private contract has no relevance to statutory interpretation. As such, Feldmann's reliance on the Franchise Agreements does not provide a basis for the Court to "implicitly" find a good-faith requirement in Minn. Stat. § 80E.041.

For these reasons, Feldmann fails to state a statutory good-faith claim. This claim, therefore, must be dismissed with prejudice.

### III. Feldmann's Common-Law Good-Faith Claim

Feldmann also alleges that MBUSA breached the implied covenant of good faith and fair dealing under Minnesota common law. Because Feldmann does not allege an underlying breach of contract, MBUSA argues, Feldmann fails to state a claim for such a breach.

"Although the implied covenant of good faith and fair dealing is read into every Minnesota contract, it 'does not extend to actions beyond the scope of the underlying contract.'" *Watkins Inc. v. Chilkoot Distrib., Inc.*, 719 F.3d 987, 994 (8th Cir. 2013) (quoting *In re Hennepin Cnty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 503 (Minn. 1995)). "The implied covenant of good faith and fair dealing serves only to enforce existing contractual duties, and not to create new ones." *Id.* (quoting *Teng Moua v. Jani-King of Minn., Inc.*, 810 F. Supp. 2d 882, 893 (D. Minn. 2011)). As such, under Minnesota law, a cause of action for an alleged breach of the implied covenant of good faith and fair dealing does not exist independent of an underlying breach-of-contract claim. *Orthomet, Inc. v. A.B. Med., Inc.*, 990 F.2d 387, 392 (8th Cir. 1993).

Here, Feldmann does not allege an underlying breach-of-contract claim. Indeed, the complaint does not allege or even reference any particular contractual term in the Franchise Agreements that has been breached by MBUSA.[4] Although the complaint

---

[4] To the extent that Feldmann references specific contractual terms in its brief, these references do not remedy Feldmann's failure to include such allegations in its complaint. The fact that the Court may consider the contents of the Franchise Agreements because they are embraced by the complaint does not relieve Feldmann of its obligation to *plead* facts sufficient to state a plausible claim to relief. The Court need not address the merits of allegations that do not appear in Feldmann's complaint.

10

alleges, in vague conclusory fashion, that MBUSA "has failed and refused to perform contractual duties," at no point does the complaint identify what contractual duties MBUSA failed to perform. Instead, the complaint alleges that MBUSA failed to perform obligations imposed by Minn. Stat. § 80E.041. But because statutory obligations are "beyond the scope of the underlying contract," such obligations cannot support a claim for breach of the implied covenant of good faith and fair dealing under Minnesota common law. *Watkins Inc.*, 719 F.3d at 994 (quoting *In re Hennepin Cnty.*, 540 N.W.2d at 503). For this reason, Feldmann has failed to state a claim for breach of the implied covenant of good faith and fair dealing under Minnesota common law.

Accordingly, MBUSA's motion is granted as to Feldmann's common-law good-faith claim. However, because the record does not establish that Feldmann is foreclosed as a matter of law from alleging facts to support such a claim in the future, this claim is dismissed without prejudice.

**IV.    Feldmann's Federal ADDCA Claim**

Feldmann also alleges that MBUSA is liable for violating the Automobile Dealer Day in Court Act (ADDCA), 15 U.S.C. §§ 1221 *et seq.* MBUSA contends that Feldmann fails to state a claim for a violation of the ADDCA.

To state a claim for a violation of the ADDCA, a motor vehicle dealer must allege that it was injured by the vehicle manufacturer's failure "to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, or not renewing the franchise with said dealer." 15 U.S.C. § 1222. As there is no allegation that MBUSA terminated, cancelled, or did not renew the

11

franchise with Feldmann, to state an ADDCA claim, Feldmann must allege that MBUSA failed to act in good faith when "performing or complying with any of the terms or provisions" of the Franchise Agreements. *Id.*; *accord Schmitt-Norton Ford, Inc. v. Ford Motor Co.*, 524 F. Supp. 1099, 1105 (D. Minn. 1981) (holding that the ADDCA applies to "lack of good faith performance of the franchise agreement" and does *not* apply to the performance of obligations outside the scope of the franchise agreement), *aff'd*, 685 F.2d 438 (8th Cir. 1982). As addressed above, however, the complaint does not allege any failure to perform or comply with a term or provision of the Franchise Agreements. Instead, the complaint alleges that MBUSA failed to perform obligations imposed by Minn. Stat. § 80E.041. But MBUSA's statutory obligations are beyond the scope of the Franchise Agreements. *See, e.g.*, *New Jersey Coal. of Auto. Retailers v. DaimlerChrysler Motors Corp.*, 107 F. Supp. 2d 495, 502 (D.N.J. 1999) (dismissing ADDCA claim predicated on alleged violation of state warranty reimbursement statute because plaintiff had "not alleged that [the manufacturer] did not act in good faith in regard to a specific term of the franchise" and rejecting plaintiff's argument that "state law has been incorporated into franchise agreements for purposes of the ADDCA"). For this reason, Feldmann has failed to state a claim for violation of the ADDCA.

MBUSA's motion is granted as to Feldmann's ADDCA claim. But because the record does not establish that Feldmann is foreclosed as a matter of law from alleging facts to support such a claim in the future, this claim is dismissed without prejudice.

### V.     Feldmann's Declaratory-Judgment Claim

Feldmann also seeks a declaratory judgment that Minn. Stat. § 80E.041 does not violate the Contract Clause of the United States Constitution and that MBUSA must comply with Minn. Stat. § 80E.041. In response, MBUSA argues that Feldmann lacks standing to advance this claim.

"Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.' " *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013). Therefore, "any person invoking the power of a federal court must demonstrate standing to do so." *Id.* A federal court lacks the authority to offer advisory opinions or "to decide questions that cannot affect the rights of litigants in the case before them." *Ringo v. Lombardi*, 677 F.3d 793, 796 (8th Cir. 2012) (internal quotation marks omitted).

When, as here, a plaintiff seeks declaratory relief, "past injuries alone are insufficient to establish standing." *Frost v. Sioux City*, 920 F.3d 1158, 1162 (8th Cir. 2019) (internal quotation marks omitted). Instead, a plaintiff must show that the plaintiff "is suffering an ongoing injury or faces an imminent threat of injury." *Id.* (internal quotation marks omitted). A plaintiff invoking federal jurisdiction must allege the facts necessary to establish standing. *Shain v. Veneman*, 376 F.3d 815, 817–18 (8th Cir. 2004).

Feldmann first seeks a declaratory judgment that Minn. Stat. § 80E.041 does not violate the Contract Clause of the United States Constitution. But the complaint contains no allegations that a controversy exists as to the constitutionality of Minn. Stat. § 80E.041. Feldmann contends in its *brief* that one of MBUSA's reasons for denying

13

Feldmann's warranty reimbursement request was that MBUSA questioned the constitutionality of Minn. Stat. § 80E.041. But these facts are not alleged in the complaint. Even if the Court liberally construes Feldmann's complaint as suggesting that MBUSA might challenge the constitutionality of Minn. Stat. § 80E.041 when defending this lawsuit, "[n]o Article III case or controversy arises when plaintiffs seek 'a declaratory judgment as to the validity of a defense' that a defendant 'may, or may not, raise' in a future proceeding." *McLeod v. Gen. Mills, Inc.*, 856 F.3d 1160, 1167 (8th Cir. 2017) (quoting *Calderon v. Ashmus*, 523 U.S. 740, 747 (1998)). Moreover, as addressed above, Feldmann's claim under Minn. Stat. § 80E.041 must be dismissed with prejudice as untimely. The hypothetical possibility that MBUSA *might* challenge the constitutionality of Minn. Stat. § 80E.041 in a future lawsuit is highly speculative and, therefore, insufficient to establish standing for Feldmann's declaratory-judgment claim.

Feldmann also seeks declaratory judgment that MBUSA must comply with Minn. Stat. § 80E.041 in the future. But Feldmann's complaint contains no allegations that suggest an imminent risk that MBUSA will not comply with Minn. Stat. § 80E.041 in the future. Every allegation in the complaint pertains to past conduct. There is no allegation that Feldmann intends to imminently seek reimbursement under Minn. Stat. § 80E.041. Nor is there any allegation that MBUSA will violate Minn. Stat. § 80E.041 when responding to such a request. The declaratory relief that Feldmann seeks is purely speculative and would amount to an advisory opinion, which this Court is not empowered to render. *See Ringo*, 677 F.3d at 796.

Feldmann's declaratory-judgment claim is dismissed without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Mercedes-Benz USA, LLC's motion for judgment on the pleadings, (Dkt. 16), is **GRANTED**.

2. Plaintiff Feldmann Imports Inc.'s complaint, (Dkt. 1), is **DISMISSED** as follows:

   a. Plaintiff's Minnesota Statutes Section 80E.041 claim and statutory good-faith claim are **DISMISSED WITH PREJUDICE**; and

   b. Plaintiff's common-law good-faith claim, Automobile Dealer Day in Court Act claim, and declaratory-judgment claims are **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: December 11, 2020
                                                                s/Wilhelmina M. Wright
                                                                Wilhelmina M. Wright
                                                                United States District Judge